**United States District Court**
For the Northern District of California

1

*E-Filed: March 19, 2014*

2

3

4

5

6

7                                    NOT FOR CITATION

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                              SAN JOSE DIVISION

11  FAREED SEPEHRY-FARD,                    No. C13-05769-LHK (HRL)

12                  Plaintiff,              **ORDER DENYING PLAINTIFF'S**
                                            **MOTIONS TO COMPEL DISCOVERY**
13          v.                              **AND FOR SANCTIONS**

    COUNTRYWIDE HOME LOANS, INC.,
14  ET AL.,                                 **[Re: Docket Nos. 33, 40]**

15                  Defendants.
    _____/
16

17          Plaintiff Fareed Sepehry-Fard filed this quiet title action against Defendants in December

18  2013.  It was immediately assigned to the undersigned and a Case Management Conference was

    scheduled for April 15, 2014.  Defendants Countrywide Home Loans, Inc. and ReconTrust
19
    Company, N.A. promptly moved to dismiss and set a hearing in February.  *See* Dkt. No. 5.
20
    However, all existing hearings and deadlines were vacated when Plaintiff declined to proceed before
21
    a magistrate judge and the case was reassigned to a district judge.  Defendants Mortgage Electronic
22
    Registration Systems, Inc. and The Bank of New York Mellon then moved to dismiss and set a
23
    hearing for June 5, 2014, before the now presiding district judge; the first filed motion to dismiss
24
    was continued to the same date.  No Case Management Conference is currently scheduled, and the
25
    parties have not yet held a Rule 26(f) conference.  Nevertheless, Plaintiff filed an *Ex Parte* Motion
26
    to Compel Discovery and Request for Sanctions in early February.  *See* Dkt. No. 33.  Two weeks
27
    later he filed a substantively identical Motion to Compel Discovery and Request for Sanctions, and
28
    set a hearing for March 25, 2014, before the undersigned.  *See* Dkt. No. 40.  Defendants oppose the

motions.  *See* Dkt. Nos. 41, 42, 43.  The matters are deemed suitable for determination without oral

argument.  *See* Civil L.R. 7-1(b).  Upon consideration of the moving and responding papers, the

Court denies Plaintiff's motions.

The deadline for parties to hold a Rule 26(f) conference is generally 21 days before the Case

Management Conference.  Fed. R. Civ. P. 26(f)(1).  A party may not seek discovery from any

source before the parties have conferred as required by Rule 26(f), unless authorized by the Federal

Rules of Civil Procedure, by stipulation, or by court order.  Fed. R. Civ. P. 26(d)(1).  Courts within

the Ninth Circuit generally use a "good cause" standard to determine whether to permit such early

discovery.  *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd.*, No. 11–CV–01846 LHK, 2011

WL 1938154, at *1 (N.D. Cal. May 18, 2011); *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208

F.R.D. 273, 276 (N.D. Cal. 2002).  "Good cause may be found where the need for expedited

discovery, in consideration of the administration of justice, outweighs the prejudice to the

responding party."  *Semitool*, 208 F.R.D. at 276.

Plaintiff asserts that Defendants' attorneys refuse to hold a Rule 26(f) conference.  They also

refuse to give him a sworn affidavit admitting they "represent[] the holder in due course and the

creditor to Plaintiff and whether or not [the attorneys] are debt collectors."  Furthermore, they failed

to provide evidence of chain of title and to answer "simple questions."  Defendants assert that a Rule

26(f) conference is not required in the absence of a scheduled Case Management Conference and

would be unreasonable in view of the pending motions to dismiss.  Moreover, even if discovery

were appropriate, Plaintiff's specific requests are not.

To say nothing of the propriety of Plaintiff's requests, the Court agrees with Defendants that

ordering discovery at this time would be premature.  Plaintiff points out that Defendants have not

substantively responded to his discovery requests, but he has not demonstrate good cause for why

they should.  Accordingly, Plaintiff's motions are denied.  Discovery shall not commence until the

parties' hold their Rule 26(f) conference, which is not necessary at this time.  Furthermore, in the

event discovery disputes arise, the parties shall comply with the undersigned's Standing Order re:

Civil Discovery Disputes.

**IT IS SO ORDERED.**

1   Dated: March 19, 2014

2   _____
    HOWARD R. LLOYD
3   UNITED STATES MAGISTRATE JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

1

**C13-05769 Notice will be electronically mailed to:**

2

Andrew Alexander Wood      aaw@severson.com, jwg@severson.com, sg@severson.com

3

Thomas Andrew Woods      tawoods@stoel.com, docketclerk@stoel.com, slparadee@stoel.com

4

**C13-05769 Notice will be mailed to:**

5
6

Fareed Sepehry-Fard
12309 Saratoga Creek Drive
Saratoga, CA 95070

7

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

4