1

2

3                         UNITED STATES DISTRICT COURT

4                        NORTHERN DISTRICT OF CALIFORNIA

5                               SAN JOSE DIVISION

6

7   FAREED SEPEHRY-FARD,                      Case No.  13-cv-05769-BLF

              Plaintiff,
8
                                             ORDER DISMISSING CASE FOR
9         v.                                 LACK OF SUBJECT MATTER
                                             JURISDICTION
10  COUNTRYWIDE HOME LOANS. INC., et
    al.,
11
              Defendants.

12

13       In this lawsuit for quiet title, defendants Countrywide Home Loans, Inc. ("Countrywide"),

14  ReconTrust Company, N.A. ("ReconTrust"), The Bank of New York Mellon ("BONY"), and

15  Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants") have filed

16  three identical motions to dismiss the Complaint on the grounds of *res judicata* and failure to state

17  a claim on which relief can be granted.  (Def.'s Mots., ECF 5, 13, 30)  Plaintiff Fareed :Sepehry-

18  Fard ("Plaintiff") opposed all three motions.  (Pl.'s Opp., ECF 20, 29; Pl.'s Supp. Opp., ECF 38).[1]

19       The Court held a hearing on the motions on June 5, 2014 wherein the Court, *sua sponte*,

20  raised the issue of subject matter jurisdiction over this lawsuit.  For the reasons stated herein, the

21  Court finds that the case must be DISMISSED for lack of subject matter jurisdiction.

22       Plaintiff also filed a Motion for Leave to File First Amended Complaint ("MFL") on April

23  22, 2014.  (Pl.'s MFL, ECF 56)  Defendants opposed that motion.  (Def.'s Opp. to MFL, ECF 59-

24  60)  The Court has considered the Motion for Leave to File First Amended Complaint without oral

25

26  _____

27  [1] Plaintiff's opposition to Countrywide's motion and BONY's first motion is largely identical,
    (Pl.'s Opp., ECF 20, 29), while Plaintiff's opposition to BONY's second motion differs from his
    other opposition briefs, (Pl.'s Supp. Opp., ECF 38).
28

United States District Court
Northern District of California

1    argument and reviewed the proposed amended pleading in order to determine whether the

2    proposed amendments would be permissible if the Court determined that it lacked subject matter

3    jurisdiction in regard to the initial pleading.  Because the Court finds that the proposed

4    amendments are not permissible due to a lack of subject matter jurisdiction over the case as

5    originally presented, the Court DENIES the Motion for Leave to File First Amended Complaint.

6    **I.    FACTUAL AND PROCEDURAL BACKGROUND**

7         Plaintiff, proceeding *pro se*, filed this original action on December 12, 2013 seeking to

8    quiet title to a house located at 18314 Baylor Avenue, Saratoga, CA 95070 ("Property").  The sole

9    claim, as repeated throughout the Complaint, is for quiet title.  (*See* Compl., at 1:4, ¶¶ 1, 18-20,

10   61-63)  Plaintiff's allegations are lengthy and at times veer into legal argument.  What can be

11   gleaned from the few factual allegations and the documents attached to the Complaint is that

12   Plaintiff's Property is subject to two mortgage loans executed in September 2005 (collectively,

13   "Notes").  (*See* Compl., Exh. A, at 12-65; Def.'s Req. for Judicial Notice ("RJN") Exhs. A-B, ECF

14   6, 13-1, 30-1)[2]  The Deeds of Trust identify Countrywide as the "Lender," ReconTrust as the

15   "Trustee," and MERS as beneficiary and nominee.  (*See id.*)  Thereafter, defendants BONY and

16   MERS engaged in an assignment transaction pursuant to which BONY became the beneficiary of

17   the Notes.  (*See* Compl. Exh. F)  It appears that the Notes may have subsequently been pooled

18   with other loans and securitized.  (*See* Compl. ¶¶ 49-50, 56-58)

19        Plaintiff alleges that the assignment between MERS and BONY was either invalid or

20   fraudulent.  (*See id.* ¶¶ 23-25, 38-45, 64-70)  Plaintiff further alleges that the securitization of his

21   Notes discharged any debt owed thereunder.  (*See id.* ¶¶ 49-50, 56-58)  Plaintiff does not allege

22   that Defendants have taken any collection activity or made an adverse claim to the Property,

23

24   [2] Plaintiff, though he attached these documents to the Complaint, has not requested judicial notice
     of the deeds of trust, and in fact opposes Defendants' request that they be judicially noticed.  (*See*
25   Def.'s RJN Exhs. A-B, ECF 6, 13, 30; Pl.'s RJN Opp., ECF 18, 27)  The district court may take
     notice of facts not subject to reasonable dispute that are "capable of accurate and ready
26   determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R.
     Evid. 201(b).  The Court concludes that the public documents submitted by Defendants are not
27   subject to reasonable dispute and are proper subjects of judicial notice.

28   Case No. 5:13-cv-05769-BLF
     ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

though Defendants have provided evidence that a notice of default was recorded and then rescinded in 2010.  (*See* Def.'s RJN Exhs. E-F)[3]  Plaintiff's theory for quiet title appears to rest on the contention that either because the Notes were invalidly or fraudulently assigned or because the Notes were securitized and discharged the debt owed, Defendants do not have standing to enforce the Notes because they are not "real parties in interest" or "holder[s] in due course."  (*See id.* ¶¶ 43-47, 51, 54)  Plaintiff thus alleges that "the Title is clouded," (*id.* ¶ 18), and requests the Court to "enter a judgment for a Quiet Title Action," (*id.* ¶ 19).  (*See also id.* ¶¶ 62-63)

On April 22, 2014, after the briefing on Defendants' motions to dismiss had concluded, Plaintiff filed his Motion for Leave to File First Amended Complaint.  (Pl.'s MFL, ECF 56)  In the proposed First Amended Complaint ("FAC"), Plaintiff seeks to add thirteen additional claims against all Defendants for (1) negligence; (2) violation of the Federal Telephone Consumer Protection Act of 1991 ("TCPA"); (3) violation of California's Business and Professions Code Sections 17200, *et seq.* ("UCL"); (4) violation of the Fair Debt Collection Practices Act ("FDCPA"); (5) violation of 18 U.S.C. §§ 1963-1965 (collectively, "RICO claims"); (6) violation of 42 U.S.C. §§ 1981-1982 (collectively, "Civil Rights claims"); (7) accounting; (8) violation of the Truth in Lending Act ("TILA"); and (8) violation of the Real Estate Settlement Procedures Act ("RESPA").  Defendants opposed this motion for leave to amend, arguing that Plaintiff's new claims are also barred by *res judicata*, and that permitting amendment would be futile because Plaintiff's proposed new claims either do not satisfy Rule 8(a), or are time barred, or both.  (*See* Def.'s Opp. to MFL)

## II.    LEGAL STANDARDS

### A.    Federal Jurisdiction

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Federal jurisdiction generally arises in one of two ways: (1) from the presence of a federal question, or (2) from complete diversity of the parties, where the amount

---

[3] All references to Defendants' RJN are to the most recently filed version at ECF 30-1.

Case No. 5:13-cv-05769-BLF
ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

United States District Court
Northern District of California

1   in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331, 1332.  Federal Rule of Civil Procedure

2   8(a)(1) requires a federal plaintiff to include in the complaint "a short and plain statement of the

3   grounds for the court's jurisdiction," because "[a] party invoking the federal court's jurisdiction

4   has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v.*

5   *McCombe*, 99 F.3d 352, 353 (9th Cir. 1996); *see also Kokkonen*, 511 U.S. 375, 377 ("It is to be

6   presumed that a cause lies outside this limited jurisdiction and the burden of establishing the

7   contrary rests upon the party asserting jurisdiction.").

8       Federal subject matter jurisdiction must "exist as of the time the action is commenced."

9   *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (1988).

10  Jurisdiction cannot be "expanded by judicial decree," *Kokkonen*, 511 U.S. 375, 377, nor can it be

11  conferred on the district court by agreement or consent, *Morongo*, 858 F.2d 1376, 1380.  "If

12  jurisdiction is lacking at the outset, the district court has 'no power to do anything with the case

13  except dismiss.'" *Id.* (quoting 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and*

14  *Procedure* § 2844, at 332 (1986)).

15      **B.    Leave to Amend**

16      A plaintiff may amend the complaint once as a matter of course within 21 days after

17  serving, or after service of a motion under Rule 12(b).  Fed. R. Civ. P. 15(a)(1).  Any other

18  amendments can only be made "with the opposing party's written consent or the court's leave."

19  Fed. R. Civ. P. 15(a)(2).  Leave to amend should generally be freely given "when justice so

20  requires." *Id.*  However, certain factors can weigh against generous leave to amend, including

21  "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the

22  opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman*

23  *v. Davis*, 371 U.S. 178,182 (1962); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052

24  (9th Cir. 2003) (listing the *Foman* factors as those to be considered when deciding whether to

25  grant leave to amend).

26      Additionally, although the party invoking federal jurisdiction may generally amend the

27  complaint to correct a defective jurisdictional allegation, *see* 28 U.S.C. § 1653, or to prove that

28

United States District Court
Northern District of California

4

Case No. 5:13-cv-05769-BLF
ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

1    jurisdiction does in fact exist, federal jurisdiction cannot be created by amendment if it does not

2    exist at the outset.  *See* 3 James Wm. Moore et al., *Moore's Federal Practice* ¶ 15.14[3], at 15-40,

3    (3d ed. 2013); *see also Morongo*, 858 F.2d 1376, 1380-1381 (if district court lacked subject matter

4    at the outset, then "court's various orders, including that granting leave to amend the complaint,

5    were nullities"); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979)

6    (complaint filed in state court and removed to federal court did not state any basis for federal

7    jurisdiction, thus there was no jurisdiction to entertain a later amendment to the complaint).

8    **III.    DISCUSSION**

9        **A.    Subject Matter Jurisdiction Over the Operative Complaint**

10       The Court has an independent obligation to insure that it has subject matter jurisdiction

11   over a matter.  *See* Fed. R. Civ. P. 12(h)(3); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir.

12   2002) (court may raise question of subject matter jurisdiction, *sua sponte*, at any time during the

13   pendency of the action).  Thus, although neither party has raised the issue of subject matter

14   jurisdiction, the Court must examine the issue *sua sponte* because Plaintiff's jurisdictional

15   allegations in the operative Complaint are problematic.

16           **i.    Federal Question Jurisdiction**

17       Federal question jurisdiction is determined from the face of a well-pled complaint that

18   "establishes either that federal law creates the cause of action or that the plaintiff's right to relief

19   necessarily depends on resolution of a substantial question of federal law in that federal law is a

20   necessary element of one of the well-pleaded claims." *Christianson v. Colt Indus. Operating*

21   *Corp.*, 486 U.S. 800, 808 (1988) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation*

22   *Trust for S. California*, 463 U.S. 1, 13, 27–28 (1983)).  Federal question jurisdiction is only

23   invoked when a "plaintiff's statement of his own cause of action shows that it is based upon

24   federal law."  *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

25       Plaintiff has attempted to invoke federal question jurisdiction by reference to two federal

26   statutes: the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and the

27   Declaratory Judgment Act ("DJA"), 18 U.S.C. § 2201.  (Compl. ¶¶ 2, 3)  The DJA does not itself

28

United States District Court
Northern District of California

1   confer federal question jurisdiction—there must still be an independent basis for the court's

2   jurisdiction over a plaintiff's claim, *Gritchen v. Collier*, 254 F.3d 807, 811 (9th Cir. 2001)—so in

3   essence Plaintiff has only invoked federal question jurisdiction pursuant to the FDCPA.  However,

4   the Plaintiff has not actually asserted a claim under the FDCPA; the sole claim in the Complaint is

5   one for quiet title, a state law claim.  (*See generally* Compl.)  As such, based on the claims alleged

6   in the Complaint, mere reference to the FDCPA does not confer jurisdiction over this case.

7               ii.   **Diversity Jurisdiction**

8        For diversity, federal courts have subject matter jurisdiction where (1) opposing parties are

9   citizens of different states and (2) the amount in controversy exceeds $75,000.  28 U.S.C. §

10   1332(a).  "[A] party seeking to invoke diversity jurisdiction should be able to allege *affirmatively*

11   the actual citizenship of the relevant parties" on the face of the complaint in order to confirm that

12   all parties are diverse.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)

13   (emphasis added).

14        Plaintiff has invoked the diversity jurisdiction of this Court, (Compl. ¶ 3), but that form of

15   jurisdiction is also not apparent from the Complaint.  First, Plaintiff neglected to allege the

16   citizenship of any named party, including himself, even though he was required to do so.  Fed. R.

17   Civ. P. 8(a)(1); *see* (Compl. ¶¶ 9-17).  For individuals, "[a] person's domicile is her permanent

18   home, where she resides with the intention to remain or to which she intends to return."  *See*

19   *Kanter*, 265 F.3d 853, 857.  For the corporate entities, 28 U.S.C. § 1332(c)(1) required Plaintiff to

20   allege their states of incorporation as well as their principal places of business.

21        Had Plaintiff properly alleged the parties' respective citizenship, it would be clear that

22   complete diversity between the parties is missing.  Considering the location of the property at

23   issue, Plaintiff is presumably domiciled in the state of California.  (*See* Compl. 2:5-20)  It also

24   appears that Defendant ReconTrust would be deemed a citizen of California based upon its place

25   of business.  (*See id.* Ex. A, at 12).  In fact, numerous courts have found that ReconTrust

26   Company N.A. is a citizen of California for purposes of diversity jurisdiction.  *See, e.g.*, *McGuire*

27   *v. ReconTrust Co., N.A.*, No. 2:11-CV-02787-KJM, 2014 WL 2118231, at *2 (E.D. Cal. May 21,

28

6

United States District Court
Northern District of California

2014); *Fazio v. Bank of New York Mellon*, No. C 13-554 MEJ, 2013 WL 3855552, at *3 (N.D. Cal. July 24, 2013); *Bedalla v. Bank of Am., N.A.*, No. 12-CV-02307-RMW, 2012 WL 5464635, at *1 (N.D. Cal. Nov. 8, 2012).

During the June 5, 2014 hearing, counsel for Defendant ReconTrust acknowledged that ReconTrust's principal place of business is in California and that it would be deemed a citizen of California for purposes of diversity jurisdiction.  Moreover, it appears that Plaintiff effectively concedes that the Court lacks diversity jurisdiction over the original Complaint: in his proposed FAC, Plaintiff alleges that "Defendant, ReconTrust Company, N.A., 1800 Tapo Canyon Road, Simi Valley, CA 93063 is under the jurisdiction of state of California."  (Pl.'s MFL ¶ 16, ECF 56) It is thus apparently undisputed that Plaintiff and ReconTrust are both citizens of California.  As such there is no complete diversity between the parties upon which to base diversity jurisdiction.

Because the Court has neither federal question nor diversity jurisdiction over the operative Complaint, the Complaint must be DISMISSED for lack of subject matter jurisdiction.

### B.    Plaintiff's Motion for Leave to Amend

The time permitted for amending the Complaint as of right pursuant to Rule 15(a)(1) has passed.  Because the Court lacks subject matter jurisdiction over the operative Complaint, the only remaining question to address is whether the Court should entertain Plaintiff's motion for leave to file an amended complaint.

"If jurisdiction is lacking at the outset, the district court has 'no power to do anything with the case except dismiss.'"  *Morongo*, 858 F.2d 1376, 1380 (quoting 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 2844, at 332 (1986)).  As described above, Plaintiff seeks to add thirteen new claims on top of the quiet title claim, many of which invoke federal statutes such as the FDCPA, TCPA, TILA, and RESPA.  Plaintiff seeks leave to amend on the basis that "justice requires the court to give leave for Plaintiff to file Plaintiff's Amended Complaint since the framers put the highest level of importance on the property ownership and

Case No. 5:13-cv-05769-BLF
ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

1    rights." (Pl.'s MFL, 2 n.1)[4]  Plaintiff seeks to add new facts to support his new federal claims, and

2    it is not clear which claims, if any, can be based on facts alleged in the original Complaint.  More

3    fatally, Plaintiff has not explained how these new federal law claims prove that jurisdiction did in

4    fact exist at the outset of the case, why he couldn't assert these claims earlier, or why any of these

5    newly invoked federal statutes is essential to his quiet title claim.[5]  Plaintiff, when questioned at

6    the hearing, simply stated that federal question jurisdiction could be found in the proposed FAC.

7         A plaintiff is the master of his complaint.  Here, it is apparent from Plaintiff's own briefing

8    that he intended to bring a claim for quiet title.  (*See* Pl.'s Opp. ¶ 58 ("This action after all is a

9    Quite [sic] Title action"), Pl.'s Supp. Opp. ¶ 6 ("Again and again, this is a Quite [sic] Title

10   action"))  Even in reply to Defendants' opposition to his motion for leave to file an amended

11   complaint, Plaintiff argues that the court "must order Defendants to Quite [sic] Title Plaintiff's

12   real property." (Pl.'s Reply ¶ 59, ECF 63)[6]  Thus, Plaintiff's statement of his own case

13   consistently explains that this case is primarily one for quiet title, a state law claim that can only

14   remain in federal court if there is subject matter jurisdiction.  Plaintiff cannot obfuscate this fact by

---

[4] The Court notes that Plaintiff's forty-four page long "Motion for Leave of Court to File First Amended Complaint and First Amended Complaint" combines his request for leave and his proposed FAC into a single document.  It is not clear where the motion ends and the FAC begins.  The 207 paragraph FAC is interspersed with legal argument, and it is frequently difficult to discern what is a factual allegation, and what is legal argument, as Plaintiff's statement of each cause of action incorporates all preceding paragraphs by reference.  (*See* Pl.'s MFL 32-42)  Moreover, Plaintiff's allegations fail to differentiate between the actions of each of the individual defendants, only ever referring to them in the collective.  This alone would be sufficient reason to deny leave to amend on the basis of futility.  Such vague and confusing allegations are subject to dismissal because "[p]rolix, confusing complaints such as the one[] plaintiff[] filed in this case impose unfair burdens on litigants and judges."  *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir.1996) (cited by *Sephry-Fard v. Dep't Stores Nat'l Bank*, No. 13–cv–03131–WHO, 2013 WL 5537126, at *6 (N.D. Cal. Oct. 4, 2013); *Sephry-Fard v. Bank of New York Mellon, N.A.*, No. 5:12-CV-1260 LHK, 2013 WL 4030837, at *6 n.6 (N.D. Cal. Aug. 5, 2013)).

[5] Although Plaintiff identified the FDCPA as a source of jurisdiction in the original Complaint, Plaintiff asserted no claim under the statute.  As the Court has already noted, this reference to the FDCPA is not a defective allegation of jurisdiction; Plaintiff's statement of his own claim in the original Complaint does not show that it is based on federal law.

[6] The Court notes that Plaintiff's twenty-seven page "consolidated reply" is well in excess of the fifteen pages permitted by the local rules.  Plaintiff is reminded that *pro se* parties are still bound by the Federal Rules as well as the applicable local rules. Civ. L.R. 3-9(a).

Case No. 5:13-cv-05769-BLF
ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

United States District Court
Northern District of California

1   including in his proposed FAC allegations of federal-law questions that are not apparently

2   essential to his original claim.  *See Morongo*, 858 F.2d 1376, 1383 (citing *Franchise Tax Bd.*, 463

3   U.S. 1, 10).

4          Although leave to amend should be freely granted, a plaintiff cannot create jurisdiction by

5   amendment where jurisdiction did not exist at the outset of a case.  Plaintiff's invocation of a

6   myriad of federal statutes in the proposed FAC in an apparent attempt to recharacterize the

7   primary issue and convince the Court to retain jurisdiction does not suffice to confer jurisdiction

8   where there was none.  Plaintiff suggested at the hearing that the Court should liberally grant his

9   request for leave to amend the Complaint on the grounds that he is not an attorney and is generally

10  unfamiliar with the legal requirements regarding pleading.  In response to Plaintiff's request, the

11  Court first notes that Plaintiff is not a stranger to the federal court.  Contrary to his modest

12  assertions, the Court views Plaintiff as a sophisticated *pro se* litigant based upon the numerous

13  federal court cases he has filed over the years.  *See Sepehry-Fard v. GreenPoint Mortg. Funding,*

14  *Inc.*, No. 5:13-CV-04535 EJD, 2014 U.S. Dist. LEXIS 49302 (N.D. Cal. April 8, 2014)

15  (dismissing complaint for quiet title for lack of subject matter jurisdiction); *Sepehry-Fard v. Dep't*

16  *Stores Nat'l Bank*, No. 5:13-cv-03131-WHO, 2014 WL 595067 (N.D. Cal. Feb. 14, 2014)

17  (FDCPA, TCPA, negligence, and UCL claims dismissed, after twice granting leave to amend, for

18  failure to state a claim); *Sepehry-Fard v. Aurora Bank FSB*, No. 5:12-cv-00871-EJD, 2013 WL

19  2239820 (N.D. Cal. May 21, 2013) (civil rights claims based on similar facts as alleged in this

20  case dismissed for failure to state a claim); *Sepehry-Fard v. The Bank of New York Mellon, N.A.*,

21  No. 5:12-CV-12600 LHK, 2013 WL 4030837 (N.D. Cal. Aug. 5, 2013) (civil rights claims based

22  on the same facts as alleged in this case dismissed, after leave to amend, for failure to state a

23  claim).  Plaintiff is presumably aware of federal pleading standards and the bases for federal

24  jurisdiction.

25         That being said, the Court would grant Plaintiff the same liberal opportunity to amend the

26  pleadings as any other *pro se* litigant if the law supported such a right.  Here, lacking subject

27  matter jurisdiction, the Court does not have the authority to do so.  Therefore, because Plaintiff's

28

9

arguments and proposed amendments do not prove that the Court had jurisdiction at the outset, the Court accordingly finds that it has no power to do anything with the case except dismiss. *Morongo*, 858 F.2d 1376, 1380.[7]

### C. Plaintiff's Other Motions

Plaintiff has also filed several motions for miscellaneous relief, namely three motions to demand that the Court facilitate a grand jury to prosecute and disqualify Defendants' counsel, (ECF 16, 23, 28); Plaintiff's application for Court authorization to record a *lis pendens*, (ECF 24); Plaintiff's motion for an evidentiary hearing and to disqualify Defendants' counsel, (ECF 50); and Plaintiff's motion to claim and exercise constitutional rights, (ECF 66).  Because the Court lacks subject matter jurisdiction, these motions are DENIED as moot.  *Morongo*, 858 F.2d 1376, 1380-1381 (if jurisdiction is lacking, any court order other than one dismissing the case is a nullity); *accord United States v. Boe*, 543 F.2d 151, 159 (C.C.P.A. 1976).

## IV. ORDER

For the foregoing reasons, the Complaint is DISMISSED, without leave to amend, for lack of subject matter jurisdiction.  The case is DISMISSED without prejudice.

The Clerk of the Court is instructed to close the file in the case.

Dated: June 13, 2014

BETH LABSON FREEMAN
United States District Judge

---

[7] In addition to this clear pronouncement from the Ninth Circuit, the Court is persuaded by the reasoning of other courts that have denied leave to amend where, as here, a plaintiff sought amendment to assert a federal claim in an effort to create jurisdiction where jurisdiction was lacking over an original complaint that alleged only state law claims.  *See Leonard J. Strandberg & Assocs. v. Misan Const. Corp.*, No. 08CV2939 SJF ETB, 2010 WL 1565485, at *5-6 (E.D.N.Y. Apr. 19, 2010) (no leave to amend where court did not have diversity jurisdiction over original complaint asserting only state law claims and plaintiff sought leave to add a federal civil RICO claim); *Falise v. Am. Tobacco Co.*, 241 B.R. 63, 65-67 (E.D.N.Y. 1999) (same, and collecting cases); *Broad v. DKP Corp.*, No. 97 CIV. 2029 (LAP), 1998 WL 516113, at *4-7 (S.D.N.Y. Aug. 19, 1998) *aff'd*, 182 F.3d 898 (2d Cir. 1999).

Case No. 5:13-cv-05769-BLF
ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

*United States District Court*
*Northern District of California*