UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FAREED SEPEHRY-FARD,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTRYWIDE HOME LOANS. INC., et al.,<br><br>    Defendants. | Case No. 13-cv-05769-BLF<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>[ECF 69, 71] |

On June 13, 2014, the Court dismissed, without prejudice, this quiet title action for lack of subject matter jurisdiction, finding that there was not complete diversity between the parties. (Order, ECF 68) Now before the Court are Plaintiff Fareed :Sepehry-Fard's two identical Motions for Leave of Court For Filing Reconsideration Request, filed June 27, 2014 and July 1, 2014. (Pl.'s Mot., ECF 69, 71)[1] For the reasons stated herein, Plaintiff's motion is DENIED.

Plaintiff moves for leave to file a motion for reconsideration pursuant to Local Civil Rule 7-9(a). Because Rule 7–9(a) only applies to pre-judgment motions for reconsideration, however, it is not applicable herein, and Plaintiff's motion shall be treated as a timely filed motion to alter or amend judgment under Rule 59(e). *See Lucas v. Silva*, No. C 07-1673 CW PR, 2012 WL 761724, at *1 (N.D. Cal. Mar. 8, 2012). "A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling

---

[1] The only difference between these motions appears to be that Plaintiff noticed the latter motion to be heard by this Court on September 4, 2014. Plaintiff did not request this hearing date, as required by this Court's standing order. In any event, and for the elimination of confusion, the noticed hearing date is hereby VACATED. Further reference to Plaintiff's identical motions will be made to the more recently filed document at ECF 71.

law." *McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir.1999) (per curiam) (internal quotation and citation omitted); *see School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993); *see also* N.D. Cal. Civ. L.R. 7–9(b) (articulating same factors to be applied in considering motion for leave to file motion for reconsideration of interlocutory order). "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.2000)).

Plaintiff's sole basis for seeking reconsideration appears to be his recent discovery of a purported claim against Defendants under the Securities Exchange Act of 1934. (*See* Pl.'s Mot. 4-9) Plaintiff argues that "[t]hrough on going significant amount of research, Plaintiff came across 15 U.S. Code § 78AA in relation to alleged Defendants' securities fraud violations in the last few days." (*Id.* at 4) Plaintiff also claims that he is "everyday learning new facts and law," though he does not identify any new facts that arose after this Court entered the order of dismissal. (*Id.*)

Contrary to his argument, Plaintiff's identification of a new theory of liability is not a "material difference in law [from that] which was presented to [the] Court." (*Id.*) Plaintiff could reasonably have raised the availability of this latest federal claim earlier in the litigation, as the claim relies on the same facts—the alleged securitization of Plaintiff's mortgage—that were previously identified in Plaintiff's proposed First Amended Complaint. (*See* Pl.'s Mot. for Leave ¶¶ 72, 85, 108-09, ECF 56) Although Plaintiff is *pro se*, that does not excuse him from the duty to conduct a reasonable inquiry into available claims *before* filing suit. Fed. R. Civ. P. 11. While the Court appreciates the amount of time that Plaintiff has put into his case, Plaintiff's delayed identification of a tenuous theory of liability under an 80-year old federal law stretches the bounds of reason. As such, the Court would be within its discretion in declining to consider Plaintiff's new legal argument. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001); *see also Belinda K. v. Baldovinos*, No. 10-CV-02507-LHK, 2012 WL 3249481, at *3 (N.D. Cal. Aug. 7, 2012) (collecting cases holding that a motion for reconsideration under Rules 59(e) and 60(b) is an improper vehicle for bringing new claims not previously raised).

1    Even were the Court to construe Plaintiff's motion liberally and consider his argument on
2    the merits, the motion for reconsideration would still be denied because Plaintiff has not identified
3    any new evidence, intervening change in law, or clear error to justify overturning this Court's
4    dismissal of Plaintiff's case for lack of subject matter jurisdiction.  The Court dismissed this action
5    because it had "neither federal question nor diversity jurisdiction over the operative Complaint."
6    (Order at 7)  In denying Plaintiff's motion for leave to file an amended complaint, this Court noted
7    in the same order that "plaintiff cannot create jurisdiction by amendment where jurisdiction did
8    not exist at the outset of a case." (*Id.* at 9)  Plaintiff in effect seeks reconsideration of the Court's
9    denial of leave to amend, and not its dismissal for lack of subject matter jurisdiction.  However,
10   Plaintiff's identification of another new federal claim on reconsideration does not obviate the
11   jurisdictional defect in the original Complaint.[2]  Without jurisdiction over the original and
12   operative Complaint, the Court has "no power to do anything with the case except dismiss." (*Id.*
13   at 10; *see also Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376,
14   1380 (1988))

   For the foregoing reason, Plaintiff's Motion For Leave of Court For Filing Reconsideration Request is DENIED.

   **IT IS SO ORDERED.**

   Dated: August 4, 2014

   BETH LABSON FREEMAN
   United States District Judge

---

[2] The Court notes that Plaintiff's attempt to assert yet another federal claim not previously identified in the original Complaint only reinforces the Court's conclusion that Plaintiff is attempting to create subject matter jurisdiction by asserting federal claims of questionable validity.

3