UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FAREED :SEPEHRY-FARD,<br><br>Plaintiff,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS. INC., et al.,<br><br>Defendants. | Case No. 13-cv-05769-BLF<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE ADMINISTRATIVE MOTION FOR A TEMPORARY INJUNCTION AND A RESTRAINING ORDER BARRING SALE OF PLAINTIFF'S EXTENDED HOME**<br><br>[Re: ECF 79] |

Nearly two years ago, the Court dismissed this case for lack of subject matter jurisdiction. *See* ECF 68. Since then, the Court has denied two motions for reconsideration, *see* ECF 72, and the parties are currently briefing Plaintiff's latest motion for relief. In the midst of this briefing, Plaintiff filed the instant motion, which he titles *Ex Parte* Administrative Motion for a Temporary Injunction and Restraining Order. ECF 79. The Court construes this as a request for a temporary restraining order (TRO) and preliminary injunction ("TRO Application"). Through this motion, Plaintiff seeks to bar the foreclosure sale of his "extended home," scheduled for March 10, 2016. *Id*. For the reasons set forth below, the Court DENIES Plaintiff's TRO Application.

**I.   BACKGROUND**

Plaintiff, proceeding *pro se*, filed the Complaint that initiated this case on December 12, 2013. ECF 1, Compl. The Complaint referenced two federal statutes—the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* and the Declaratory Judgment Act, 18 U.S.C. § 2201, *see* Compl. ¶¶ 2, 3—but did not bring a rescission claim pursuant to the Truth in Lending Act (TILA), 15 U.S.C. § 1635. In fact, the sole discernible claim was for quiet title to a house located at 18314

Baylor Avenue, Saratago, CA 95070 ("Property"), *see generally* Compl., which Plaintiff refers to in the instant motion as his "extended home."

Each Defendant brought a Motion to Dismiss the Complaint. In ruling on them, the Court determined that it lacked subject matter jurisdiction over the case because, while Plaintiff alluded to federal statutes, he had not asserted any federal claims and the parties lack complete diversity. *See* ECF 68, Dismissal Order at 5-7. In that Order, the Court also denied Plaintiff's motion for leave to amend his complaint because "Plaintiff cannot create jurisdiction by amendment where jurisdiction did not exist at the outset of a case." *Id.* at 5, 9 (citing 3 James Wm. Moore et al., *Moore's Federal Practice* ¶ 15.14[3], at 15-40, (3d ed. 2013); *Morongo Band of Mission Indians v. California State Bd. of Equalization,* 858 F.2d 1376, 1380-81 (9th Cir. 1988); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979)). Accordingly, the Court dismissed the case for lack of subject matter jurisdiction and instructed the Clerk of the Court to close the file on June 13, 2014. *Id.*

Following dismissal, Plaintiff filed two essentially identical motions, both of which the Court construed as Rule 59(e) motions, seeking to bring a claim against Defendants under the Securities Exchange Act of 1934. ECF 69, 71. On August 4, 2014, the Court denied the motions for failure to identify any new evidence, intervening change in law, or clear error to justify overturning the dismissal. ECF 72.

More than 18 months later, on February 19, 2016, Plaintiff filed a motion for relief under Rule 60 seeking to "relieve Plaintiff by Vacating [*sic*] all Orders and judgments that are in conflict with *Jesinoski v. Countrywide Home Loans Inc*." ECF 74, Mot. for Relief at 1. The Motion for Relief, which is not yet fully briefed, appears to ask the Court to resolve a claim never before it— enforcement of a TILA rescission. *Id.* at 2.

One week later, Plaintiff filed the instant TRO Application. ECF 79. Plaintiff seeks a restraining order barring sale of the Property, which he asserts he and his sister co-own and where his sister takes care of their handicapped mother. Mot. at 1, 3-4. The sale is scheduled for March 10, 2016. *Id.* at 1. Plaintiff contends that the Court is obligated to grant his TRO in order to "ENFORCE Plaintiff's judgment under TILA." *Id.* at 1. Defendants oppose the TRO Application.

ECF 82.

## II. LEGAL STANDARD

The substantive standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Lockheed Missile & Space Co. v. Hughes Aircraft*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 22 (2008).

A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.* at 20. Alternatively, an injunction can issue where "the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor," provided that the plaintiff can also demonstrate the other *Winter* factors. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (citation and internal quotation marks omitted). Under either standard, the plaintiff bears the burden of making a clear showing on these elements and on entitlement to this extraordinary remedy. *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010).

## III. DISCUSSION

### A. Notice of TRO Application

As an initial matter, the Court notes that Plaintiff deems this motion "*ex parte*." However, as evidenced by the Proof of Service attached to the TRO Application, Plaintiff himself gave Defendants notice of this motion. *See* ECF 79 at 12. Furthermore, Defendants filed an Opposition, *see* ECF 82, and Plaintiff filed a Reply, *see* ECF 83, addressing the merits of their Opposition. Accordingly, Plaintiff's request for issuance of the TRO without notice to the adverse party is moot.[1]

---

[1] Plaintiff also devotes a fair amount of argument to the proposition that, even if Defendants receive notice, they lack standing to oppose the TRO Application and the Court lacks subject

**B**. *Winter* **Factors**

The Court begins its analysis by addressing Plaintiff's likelihood of success on the merits. As Defendants correctly note, the relief requested here—an injunction to stop a foreclosure sale of the Property on March 10, 2016—cannot arise from any claim currently before the Court. ECF 82, Opp. at 3. Instead, to obtain his requested relief, Plaintiff would have to succeed not only on his pending Motion for Relief, but also at two additional junctures: first, on a Motion for Leave to Amend the Complaint to include a TILA rescission claim and then on the claim itself. Plaintiff has failed to establish his likelihood of succeeding on the merits of any of these motions or claims.

The Court begins with Plaintiff's Motion for Relief. In that motion, Plaintiff argues that he has a judgment under TILA and the Court has a mandatory duty to enforce that judgment. ECF 74, Rule 60(b) Mot. at 18. However, as noted above, Plaintiff has never placed a TILA rescission claim before the Court. Thus, even if Plaintiff's TILA claim had merit, the Court would have no reason to set aside dismissal. As the Court has already stated several times in this case, "Plaintiff cannot create jurisdiction by amendment where jurisdiction did not exist at the outset of a case." *See* Dismissal Order at 9; Order Denying Reconsideration at 3. For the same reason, Plaintiff has failed to establish a likelihood of success on the merits on a Motion for Leave to Amend. Thus, Plaintiff is unlikely to succeed on the merits of either of the initial steps to the relief requested.[2]

Finally, the Court finds that, even if Plaintiff were to succeed on those initial steps, Plaintiff has also failed to show a likelihood of success on his ultimate TILA rescission claim. In

---

matter jurisdiction to hear those arguments. *See,* e.g., TRO Application at 1-4; ECF 83, Reply at 7. In essence, Plaintiff argues that his lenders are barred from presenting any arguments to the Court because they failed to respond to his notice of rescission, purportedly sent in 2011, within 20 days. The Court finds Plaintiff's arguments, based on misreadings of both *Jesinoski* and 15 U.S.C. § 1635(b), entirely unavailing. Furthermore, Plaintiff bears the burden of establishing the *Winter* factors regardless of Defendants' arguments.

[2] Defendants also argue that, having previously determined that it lacks subject matter jurisdiction over this case, the Court cannot grant a TRO in it. Defendants cite *Ruiz v. Jolicover*, No. CV 07-743-PHX-DGC, 2007 WL 1438669, at *1 (D. Ariz. May 15, 2007) for this proposition. In *Ruiz*, the Court had dismissed the *pro se* plaintiff's habeas petition upon finding that venue was improper. The petitioner then filed a Motion for Reconsideration and a TRO Application. *Id.* In one order, the court denied the Motion for Reconsideration on its merits and denied the TRO Application as moot. *Id.* Here, Plaintiff's Motion for Reconsideration is not yet fully briefed and so the Court is not yet in a position to issue a ruling. Accordingly, exercising an abundance of caution, the Court cannot deny the TRO Application as moot and so considers the merits.

his Complaint, Plaintiff alleged that he acquired loans on the Property in September 2005, *see* Dismissal Order at 2 (citing Compl., Exh. A, at 12-65).[3] Plaintiff now contends that he perfected rescission by sending notice to his lenders in 2011. Mot. at 4. However, pursuant to TILA, a borrower has at most three years from the date of the consummation of a loan transaction to exercise his right of rescission. *See* 15 U.S.C. § 1635(f).

Plaintiff bases his entire argument on *Jesinoski v. Countrywide Home Loans, Inc.,* 135 S. Ct. 790 (2015), but that case does not help him. *Jesinoski* holds that "so long as the borrower notifies [the creditor] within three years after the transaction is consummated, his rescission is timely." *Id*. at 792. It does not change the date by which notice must be sent. Here, Plaintiff clearly exceeded the three-year limit for sending notice, which expired in 2008.

Thus, Plaintiff has failed to establish a likelihood of success on the merits of any motion or claim necessary for his requested relief. Because the test for injunctive relief requires a showing of likelihood of success, the Court does not reach the remaining *Winter* factors. Accordingly, the Court DENIES Plaintiff's *ex parte* administrative motion for a temporary injunction and restraining order.

**IT IS SO ORDERED.**

Dated: March 4, 2016

_____
BETH LABSON FREEMAN
United States District Judge

---

[3] Plaintiff now appears to argue that the date of consummation is unclear in light of the complexities of loan transactions. Reply ¶ 11. However, he cannot argue around his previous allegation that the loans originated in 2005. *See, e.g.,* Compl., Exh. A at 9-25.

5