UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FAREED :SEPEHRY-FARD,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTRYWIDE HOME LOANS. INC., et al.,<br><br>        Defendants. | Case No. 13-cv-05769-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM ORDER AND PLAINTIFF'S EX PARTE ADMINISTRATIVE MOTION TO AMEND**<br><br>[Re: ECF 74, 89] |

The Court dismissed this case—which constitutes the third of four lawsuits filed by Plaintiff to stop foreclosure proceedings on 18314 Baylor Avenue in Saratoga, CA ("Property")—for lack of subject matter jurisdiction nearly two years ago. *See* ECF 68, Dismissal Order; *see also Sepehry-Fard v. Select Portfolio Servicing, Inc.*, No. 14-CV-05142-LHK, 2015 WL 1063070, at *2-3 (N.D. Cal. Mar. 10, 2015) (describing the four suits). Since that dismissal, Plaintiff has filed another federal case regarding the Property, which resulted in a vexatious litigant order, *id.*, as well as a case in bankruptcy court, *see In re Fareed Sepehry-Fard*, Case No. 15-bk-50791 MEH, which was also dismissed.[1]

---

[1] Defendants ask the Court to take judicial notice of the orders dismissing these cases, attached as Exhibits A and B to their Opposition to Plaintiff's Motion for Relief, *see* ECF 81. Pursuant to Federal Rule of Evidence 201(b), a court may judicially notice court records. *Bovarie v. Giurbino*, 421 F. Supp. 2d 1309, 1313 (S.D. Cal. 2006) (citing *U.S v. Author Svcs.*, 22 Inc., 804 F.2d 1520, 1522 (9th Cir. 1986)). Accordingly, the Court GRANTS Defendants' RJN for Exhibits A and B. Similarly, the Court GRANTS Plaintiff's RJN of Exhibit 1, a copy of *Jesinoski v. Countrywide Home Loans, Inc.,* 135 S. Ct. 790 (2015); Exhibit 2, a copy of *Merritt v. Countrywide Fin. Corp.,* 759 F.3d 1023 (9th Cir. 2014); Exhibit 5, a copy of a substitution of trustee and a notice of default filed in Santa Clara County; and Exhibit 6, a copy of the Affidavit of Lynn E. Szymoniak filed in

1  In addition, Plaintiff has filed five motions seeking reconsideration of or relief from the
2  dismissal of this case. *See* ECF 69, 71, 74, 79, 89. Now before the Court are the third and fifth of
3  those attempts: Plaintiff's Motion for Relief from Order, ECF 74, and Plaintiff's Motion to Amend
4  Error by Court, ECF 89, respectively. Finding this matter suitable for submission without oral
5  argument pursuant to Civil Local Rule 7-1(b), the Court VACATES the hearing scheduled for
6  November 10, 2016.[2] For the reasons stated below, the Court DENIES Plaintiff's Motion for
7  Relief and Motion to Amend Error.

## I.  BACKGROUND

Plaintiff, proceeding *pro se*, filed this case on December 12, 2013. ECF 1, Compl. It constituted his third attempt to stop foreclosure on the Property. *See Sepehry-Fard*, 2015 WL 1063070, at *2-3. In the Complaint, Plaintiff's sole discernible claim was for quiet title to the Property, *see generally* Compl. Plaintiff attached two mortgage loans he acquired on the Property, both executed in September 2005 ("2005 Loans"). *Id.* Exh. A, B. The Complaint was bare of allegations asserting a Truth in Lending Act ("TILA") claim, though Plaintiff referenced TILA to allege that servicers and debt collectors do not have the rights of a lender. *Id.* ¶¶ 29, 31, 34, 36, 44.

On June 13, 2014, the Court dismissed the case for lack of subject matter jurisdiction, having determined that Plaintiff failed to assert a federal claim and that the parties lack complete diversity. *See* ECF 68, Dismissal Order at 5-7. In August 2014, Plaintiff filed his first two motions for relief from dismissal, which the Court liberally construed as Rule 59(e) motions, seeking to bring a claim against Defendants under the Securities Exchange Act of 1934. ECF 69, 71. The Court denied the motions, finding that they failed to present any valid basis for showing that the

---

*Cornell v. Select Portfolio Servicing, Inc.,* No. CIV S-11-1462 KJM (E.D. Cal.).

Plaintiff also seeks judicial notice of Exhibit 3, described as a copy of Plaintiff's Rescission Notice filed with the California Secretary of State. Because the Court cannot discern which portions, if any, constitute the Notice of Rescission or were filed with the California Secretary of State, the Court DENIES Plaintiff's RJN for Exhibit 3. Finally, Plaintiff requests judicial notice of Exhibit 4, described as a copy of a declaration of private investigator William J. Paatalo. Finding this exhibit irrelevant, the Court DENIES Plaintiff's RJN for Exhibit 4 as moot.

[2] The Court notes that this late date was set pursuant to Plaintiff's request. The Court has previously heard oral argument from the parties and finds nothing in the papers to suggest that a hearing on Plaintiff's Motion for Relief is necessary.

Court erred in finding that it lacked subject matter jurisdiction over the case. ECF 72.

On February 19, 2016, Plaintiff filed the instant motion for relief, asking the Court to vacate the orders dismissing this case and denying reconsideration pursuant to Rule 60(b). Plaintiff argues that, in those orders, the Court skirted its obligation to enforce a rescission that Plaintiff now claims—for the first time before this Court—to have effected in 2011 pursuant to TILA, 15 U.S.C. § 1635. ECF 74.

One week later, on February 26, 2016, Plaintiff filed a Motion for a Temporary Injunction and a Restraining Order ("TRO Application") to stop an imminent foreclosure on the Property, ECF 79, which the Court denied on March 4, 2016. Plaintiff then filed a Motion to Amend Error in that denial. The Court considers the Motion for Relief and Motion to Amend in turn below.

## II.     MOTION FOR RELIEF

Plaintiff brings his Motion for Relief pursuant to Rule 60(b). Mot. for Relief at 5. Under Rule 60(b), a court may grant a motion for relief from judgment "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). The trial court has wide latitude to grant or deny a Rule 60(b) motion to vacate. *Pena v. Seguros La Comercial*, S.A., 770 F.2d 811, 814 (9th Cir. 1985).

Plaintiff asserts that the Court should grant relief under grounds (1), (4), (5), and (6) of Rule 60(b). The Court does not consider Plaintiff's motion under Rule 60(b)(1) because his time to bring such a motion has expired. *See* Fed. R. Civ. P. 60(c) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). While it is unclear whether a span of 20 months qualifies as a "reasonable time" for Plaintiff's remaining arguments—concerning a rescission that allegedly occurred in 2011—the Court nevertheless considers them.

Plaintiff asserts that he rescinded his loans in 2011 and the Court was therefore obligated to enforce his "judgment under TILA" when it reviewed his Complaint. *Id.* at 3, 15. Liberally construed, Plaintiff's Motion for Relief could be read to argue that the Court had subject matter

3

jurisdiction over a federal claim when the Complaint was filed and should therefore have granted Plaintiff leave to amend to add the TILA claim. On this basis, Plaintiff asks the Court to vacate its prior orders, enforce his TILA rescission, and award him $9,000,000. *Id.* at 37.

Plaintiff's Motion for Relief hinges on his assertion that he rescinded his 2005 Loans in 2011. *See, e.g.,* Mot. for Relief at 2. Plaintiff bases this argument in large part on *Jesinoski v. Countrywide Home Loans, Inc.,* 135 S. Ct. 790 (2015), which Plaintiff cites for the proposition that as long as "the mortgage and note still exist, the alleged borrower can send a notice of rescission." Mot. for Relief at 21. But as Defendants correctly note, *see* ECF 81, Opp. at 5, this misreads *Jesinoski*.[3] In *Jesinoski*, the Supreme Court held that a plaintiff may file suit to enforce a three-year rescission at any time—but only if s/he sends notice of rescission within three years of the transaction's consummation. 135 S. Ct. at 792. Based on the facts alleged in his Complaint and asserted in the Motion for Relief, Plaintiff could not have rescinded his loans in 2011. Because Plaintiff acquired his loans in September 2005, *see* Compl. Exhs. A, B, his time to rescind them expired in September 2008—three years prior to his asserted rescission.

Plaintiff next argues that, even if § 1635 has a statute of limitations, it does not apply in this case. First, he argues that § 1635 is subject to equitable tolling and that the statute of limitations therefore did not begin to run until Plaintiff knew or should have known of the grounds for his rescission. Mot. for Relief at 30.

As an initial matter, Supreme Court and Ninth Circuit case law suggests that equitable tolling is not available for § 1635 rescission claims.[4] In *Beach v. Ocwen Fed. Bank*, 523 U.S. 410

---

[3] On March 14, 2016, Plaintiff filed a "Joinder to Plaintiff's Verified Consolidated Reply" that substantively appears to be a motion to strike Defendants' Opposition. ECF 94. The Court construes it as such. Plaintiff first argues that Defendants violated Civil Local Rule 7-5 by not filing a declaration to accompany their factual contentions. However, Plaintiff fails to identify what factual contentions he challenges, and Defendants' recitation of facts comes from the record in this case. Plaintiff next argues that Defendants missed their deadline for filing the Opposition. *Id.* at 1. As the docket shows, however, Defendants filed their Opposition within fourteen days of Plaintiff's Motion. Plaintiff's remaining arguments, to the extent that they can be gleaned, appear to arise from his alleged rescission in 2011. The Court need not consider the merits of these arguments because, as discussed in text, Plaintiff has failed to establish any such rescission. Accordingly, Plaintiff's Motion to Strike Defendants' Opposition is DENIED.

[4] In light of the bare briefing provided on a Motion for Relief, the Court does not determine the question of whether or not equitable tolling applies to § 1635. Rather, as discussed above, the

4

1  (1998), the Supreme Court considered whether or not a borrower may assert his right to rescind
2  pursuant to §1635 as an affirmative defense in a collection action brought by the lender more than
3  three years after the consummation of the transaction. *Id.* at 411-12. The Court "answer[ed] no and
4  h[e]ld that § 1635(f) completely extinguishes the right of rescission at the end of the 3-year
5  period." *Id.* at 412. The Court explained that § 1635, which provides that the "right of rescission
6  shall expire three years after the date of consummation," 15 U.S.C. § 1635(f), "talks not of a suit's
7  commencement but of a right's duration, which it addresses in terms so straightforward as to
8  render any limitation on the time for seeking a remedy superfluous." *Beach*, 523 U.S. at 417. The
9  same logic would suggest that equitable tolling is not available for a § 1635 claim.

Defendants cite a Ninth Circuit case that suggests the same result. Opp. at 5 (citing *Miguel v. Country Funding Corp.,* 309 F.3d 1161, 1164 (9th Cir. 2002)). *Miguel* considered whether or not a plaintiff could add a new party to a § 1635 rescission case after the substantive rights under the Act had expired because the plaintiff did not know the correct identity of the lender. The Ninth Circuit concluded that "§ 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period." Thus, though equitable tolling is not directly discussed in *Miguel*, the holding suggests that equitable tolling does not apply to § 1635 rescission claims.

Even if equitable tolling did apply to a TILA rescission claim, Plaintiff has offered no basis for such tolling here. A court "will apply equitable tolling in situations where, despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011). Plaintiff has failed to identify any of the information necessary for such a finding, from the vital information he was initially unable to obtain to the time at which he did obtain that information to why he could not have obtained it earlier. Thus, even if equitable tolling were available, the Court sees no reason to apply it to Plaintiff's TILA rescission claim.

Next, Plaintiff argues that the statute of limitations never began to run "since the

---

Court finds that equitable tolling is not warranted here.

5

disclosures were intentionally withheld" and the deal therefore "never actually closed." Mot. for Relief at 31. However, § 1635 provides that "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction . . . notwithstanding the fact that the information and forms required under this section . . . have not been delivered to the obligor." 15 U.S.C. § 1635(f). In other words, the three-year statute of limitations expressly applies where disclosures were never delivered. Thus, Plaintiff's second statute of limitations argument also fails. Furthermore, if Plaintiff were correct that the loan was never consummated, he would have no TILA claim—nor, in practical terms, could he have acquired the Property—and he would therefore have no grounds upon which to bring this Motion for Relief.

Thus, Plaintiff's only argument for reconsideration—that he rescinded the 2005 Loans in 2011—is baseless. The Court's determination that "Plaintiff cannot create jurisdiction by amendment where jurisdiction did not exist at the outset of a case" stands. *See* Dismissal Order at 9. Accordingly, the Court DENIES Plaintiff's Motion for Relief.

### III.     MOTION TO AMEND

The Court next considers Plaintiff's Motion to Amend Error in the Court's Order Denying Plaintiff's TRO Application. Plaintiff fails to identify the rule pursuant to which he brings this motion. To the extent that Plaintiff seeks to correct a clerical error pursuant to Rule 60(a), he has failed to identify any such error. Instead, the motion asks the Court to "amend" its order from a denial of his TRO Application to a grant. The Court therefore construes Plaintiff's Motion to Amend as a Rule 60(b) Motion for Relief as well.[5]

As Plaintiff appears to recognize, the arguments in his Motion to Amend are duplicative of those in his Motion for Relief. *See* Mot. to Amend at 1 (prefacing argument with "[a]s Plaintiff corroboratively articulated in the prior filing to seek relief from this court"). Plaintiff again argues that the Court must reconsider its ruling—this time, denial of his TRO Application—because he

---

[5] In light of the procedural posture of this case, a Federal Rule 59(e) motion to alter or amend judgment is not available, *see* Fed. R. Civ. P 59(e) (such a motion "must be filed no later than 28 days after the entry of judgment"), nor can Plaintiff bring a motion for reconsideration pursuant to Civil Local Rule 7-9, *see* Civ. L.R. 7-9 (requiring leave of court prior to filing, and allowing a motion for leave only "[b]efore the entry of a judgment adjudicating all of the claims").

1  rescinded the 2005 Loans in 2011. As discussed above, the Court finds this argument unavailing.
2  Accordingly, Plaintiff's Motion to Amend is DENIED.
3  **IT IS SO ORDERED.**

5  Dated: March 21, 2016

_____
BETH LABSON FREEMAN
United States District Judge